### J. H. HOLT v. THE STATE.

No. 437.   Decided February 16, 1910.

**Carrying Pistol—Description of Pistol—Sufficiency of the Evidence.**

Upon trial for unlawfully carrying a pistol, where the State's witness, in describing what he saw, at times hesitated whether the same was a pistol or not, but stated several times that it was a pistol, it was proper to admit the testimony; and where the circumstances were sufficient in aid of the direct testimony to support the verdict, the conviction will not be disturbed.

Appeal from the County Court of Tarrant. Tried below before the Hon. John L. Terrell.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—From a conviction for unlawfully carrying a pistol with a penalty of $100 fine, appellant has appealed to this court for a reversal.

The facts of the case are about these: Mrs. John Berry, who lived in Fort Worth, and who conducted a boarding-house, testified that appellant lived about a block from her residence, in the city of Fort Worth, and that on the night of the 17th day of January, 1909, between the hours of 9 and 10 o'clock, he came to her house searching for his daughter; that he seemed to be excited, and while he was there stated to her, "Well, you have got a gun, and I will go home and when I come back I will have one, too." She says appellant went off and returned in a short while and demanded that she permit him to search her house to see if his daughter was there. The witness Hines and the witness Harry Campbell both testified that when the appellant returned for the purpose of searching the house he had a pistol; that they recognized it; that they were close to him and that they recognized the pistol and knew that he had one. Appellant did not take the stand.

In the trial of the case the appellant reserved a bill of exceptions to the testimony of the witness Hines, wherein the said witness testified that he let the appellant in the house when he returned the second time and that there was a light in the house, and that he saw some-

thing in the appellant's hand that resembled a pistol as near as any-thing could; that he knew what a pistol was when he saw it, and that what appellant had was a pistol; that he believed it to be a pistol; that the object looked black and that the appellant made some remark while in the house about he would kill somebody in the house. The witness further stated that he might possibly be mistaken as to whether it was a pistol or not, but to the best of his knowledge and belief he would tell the jury upon his oath that it was absolutely a pistol appellant had in his hand. This testimony was objected to because as the bill of exceptions states, the witness could not state positively that the object Holt had in his hand at the time was a pistol, and that said witness was stating his belief, and that it was purely an opinion and conclusion of the witness. The court did not err in permitting this testimony to go to the jury. It can not be said that this is opinion testimony; it is simply the statement of a fact. The witness says the man had a pistol. Of course, the witness stating that the appellant had a pistol carries with it the knowledge of what is a pistol, but in order for the witness to testify that it was a pistol it was not neces-sary for him to go ahead and detail all the facts that are necessary to go to make up what a pistol is. It may be termed a shorthand rendition of the facts. It was proper to go to the jury to be weighed by them in connection with all the other facts and circumstances. This practically is made the only ground of the motion for a new trial.

However, the appellant complains in his motion for a new trial that the verdict of the jury is contrary to the law and the evidence. We think the circumstances in this case show that the appellant had a pistol upon the occasion, and that the jury having passed upon the matter, we do not feel that we would be authorized to disturb the verdict of the jury on the ground that the evidence is insufficient.

There being no error in the record, the judgment is affirmed.

*Affirmed.*